IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAMERON MUTUAL INSURANCE CO.                                                         PLAINTIFF

v.                                               Case No. 4:15-cv-4081

STEVEN JOHNSON, et al.                                                                     DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 30).  Plaintiff has responded. (ECF No. 33).  The Court finds this matter ripe for consideration.

In April 2014, Defendants filed suit in this Court against Tony Alamo, Tony Alamo Christian Ministries ("TACM") and a litany of individuals and business entities associated with TACM (hereinafter referred to as the "underlying action"). *See Griffin v. Tony Alamo*, Case No. 14-cv-4065 (W.D. Ark. filed Apr. 21, 2014). Since then, Defendants have filed multiple amendments to the original Complaint in the underlying action. The Third Amended Complaint was filed on December 30, 2015, and is currently the operative complaint in the underlying action.

On October 28, 2015, Plaintiff filed an Amended Complaint for Declaratory Judgment in this Court. (ECF No. 6).  In its complaint, Plaintiff seeks a declaration as to whether it is required to provide a defense or indemnity to Separate Defendant Steven Johnson in connection with the underlying action pursuant to a residential insurance policy it issued to Johnson.

In the instant motion, Defendants argue that Plaintiff's Amended Complaint for Declaratory Judgment should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) because it is based upon the Second Amended Complaint in the underlying action rather than the Third

Amended Complaint. Specifically, Defendants contend that the Third Amended Complaint superseded the Second Amended Complaint, and that Plaintiff's action should be dismissed because it is premised upon a complaint that no longer has legal effect. In support of this contention, Defendants cite the "amended complaint rule" as articulated in *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 803 (8th Cir. 2013). As the *Cartier* court explains, "[u]nder the amended complaint rule, it is well established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *Id.* (quoting *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

In response, Plaintiff argues that the amended underlying pleadings do not moot Plaintiff's Amended Complaint for Declaratory Judgment. Plaintiff contends that the holding in Cartier is inapplicable to the case at bar. In addition, Plaintiff contends that, even if the court were to determine that the underlying lawsuit had an effect on the declaratory judgment action, the declaratory judgment action would not be rendered moot because the Second Amended Complaint and the Third Amended Complaint in the underlying action contain similar claims, issues and parties.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An actual controversy exists when "the facts alleged, under all the circumstances show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (*quoting Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). An actual

controversy does not exist when a case has been considered moot. 12 Moore's Federal Practice § 57.22 (3d ed. 2016).

The Court agrees with Plaintiff that the Amended Complaint for Declaratory Judgment has not been rendered moot. As an initial matter, Defendants' reliance upon the decision in *Cartier* is misplaced as the decision does not concern a declaratory judgment action or whether an amendment to a complaint in an underlying action renders a correlating complaint for declaratory judgment moot. Moreover, although the Court is unaware of any Arkansas or Eighth Circuit cases that directly address this issue, at least one federal court has recently held that the mere filing of an amended complaint in an underlying action does not moot a correlating declaratory judgment action where both complaints contain similar allegations. *See Allstate Indemnity Co. v. Berrey*, No. 1:15-cv-96-VEH, 2016 WL 3906414, at *9 (N.D. Ala. July 19, 2016).

In *Allstate*, the court faced an argument similar to Defendants' in the present case. The defendant in *Allstate* argued that the plaintiff's declaratory judgment action was moot because it sought a declaration with regard to a complaint that was no longer the "operative pleading" in the underlying action. *Id*. The court in that matter held that

> [t]he fact that the Complaint in the underlying action is no longer the "operative pleading" therein changes nothing. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). Despite the filing of the Amended Complaint in the underlying action, [the plaintiff] still seeks a declaration that it owes no duty to defend or indemnify [the defendant] in that case. The instant action is not moot simply because an amended complaint was filed.

*Id*. Similar to the court in *Allstate*, the Court finds that the Second and Third Amended Complaints in the underlying action contain similar allegations and claims for relief. Thus, the

Court concludes that the filing of the Third Amended Complaint in the underlying action does not moot Plaintiff's Amended Complaint for Declaratory Judgment.

Accordingly, the Court finds that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 30) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 30th day of December, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge