IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAMERON MUT. INS. CO.                                                                          PLAINTIFF

v.                                        Case No. 4:15-cv-4081

STEVEN JOHNSON, et al.                                            DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiff Cameron Mutual Insurance Company's (hereinafter referred to as "Cameron") Motion for Summary Judgment. (ECF No. 27). The Griffin Claimants[1] have filed a response. (ECF No. 35). Cameron has replied. (ECF No. 38). The Court finds this matter ripe for consideration.

## I. BACKGROUND

The Amended Complaint for Declaratory Judgment (ECF No. 6) and the present Motion for Summary Judgment seek a declaration from the Court regarding Cameron's contractual obligation to defend or indemnify Separate Defendant-Claimant Steven Johnson (hereinafter referred to as "Johnson") for claims brought in *Griffin v. Alamo*, Case No. 14-cv-4065 (W.D. Ark. filed Apr. 21, 2014), an underlying action currently pending before this Court. The Court will first provide a brief summary of the alleged facts in the underlying action to provide context for the instant motion.

### A. The Griffin Action

The Griffin Claimants were all children born into families that were members of Tony Alamo Christian Ministries ("TACM"). In April 2014, the Griffin Claimants filed suit in this Court against Tony Alamo, TACM and a host of other individuals and business entities

---

[1] The Griffin Claimants are Vanessa Griffin, Marcus Griffin, Brooklyn Howard, Alsandria Reid, Alphonso Reid, Angela Ondrisek, Nicholas Broderick, Matthew Broderick, Marissa Broderick, Shaina Broderick, Nathan Griffin, Alexis Broderick, and Sheldon Griffis.

associated with TACM. The Griffin Claimants have filed multiple amendments to the original Complaint in the underlying action. The Third Amended Complaint was filed on December 30, 2015, and is the operative complaint. The insured, Johnson, is identified as a defendant in the underlying action.[2]

In the underlying action, it is alleged that the Griffin Claimants were subjected to constant beatings, threats of physical harm, and "brainwashed" to follow the tenets of TACM by Tony Alamo and others while the Griffin Claimants were members of TACM. The Griffin Claimants further allege that Tony Alamo and others forced each of them to perform labor for Defendants without compensation through force, threats of force, physical restraint, and/or threats of physical restraint. In addition, the Griffin Claimants allege that individuals and business entities associated with Tony Alamo knowingly obtained financial benefits from the Griffin Claimants' forced labor and should have known that such actions were illegal. The Griffin Claimants allege that they were subjected to the aforesaid conditions by Tony Alamo and his associates until the Griffin Claimants were removed from the TACM compound.

The Griffin Claimants seek damages for documentary servitude and forced labor pursuant to the Trafficking Victims Protection Reauthorization Act's civil remedy provision, 18 U.S.C. § 1595. In addition, the Griffin Claimants assert multiple causes of action arising from Arkansas law including battery; false imprisonment; outrage/intentional infliction of emotional distress; negligent hiring, training, retention, and supervision; and negligence.

### B. Cameron's Insurance Policies

Beginning in September 2004, Cameron issued insurance policies to Johnson for residential properties located at 110 North 16th Street, Fort Smith, Arkansas and 1108 South 21st

---

[2] Cameron states that it is presently providing a defense to Johnson in the underlying action subject to a reservation of rights.

Street, Fort Smith, Arkansas.[3] Both of the policies were initially issued for the period of September 20, 2004, to September 20, 2005, and renewed at annual intervals until September 20, 2015. Cameron contends that the insurance policies issued to Johnson do not apply to the allegations in the underlying lawsuit. Based on the allegations set forth in the underlying action, Cameron filed its complaint for declaratory judgment pursuant to Ark. Code Ann. §§ 16-11-101, *et seq*. and 28 U.S.C. § 1332. Cameron asserts that it is entitled to the following declarations: (1) Cameron is under no obligation to provide a defense to Johnson in connection with the underlying action; and (2) Cameron is under no obligation to satisfy any judgment entered against Johnson or any other defendant in the underlying action.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

---

[3] Cameron issued policy number 167046 for the North 16th Street property and policy number 167047 for the South 21st Street property. (ECF No. 27, Exhs. 19 and 20).

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### B. Insurer's Duty to Defend

The Arkansas Supreme Court has recognized that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001). In other words, where there is no duty to defend, there is generally no duty to indemnify. *See id*. Therefore, if the Court finds that Cameron has no duty to defend Johnson in the underlying action under the policies, then it also has no duty to indemnify.

As a general rule, an insurer's duty to defend is determined by the allegations in the pleadings against the insured. *Id*. "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id*. at 813. However, "where there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*.

### III. DISCUSSION

Cameron asserts that the residential insurance policies at issue are inapplicable to the allegations in the underlying action filed by the Griffin Claimants. Cameron advances several arguments to support its position. First, Cameron contends that the allegations in the underlying

action do not "arise out of" the ownership, maintenance, or use of the Cameron insured properties. Second, Cameron argues that the allegations in the underlying action do not qualify as an "occurrence" under the policies' Insuring Agreement. Third, Cameron states that several exclusions in the residential insurance policies operate to negate coverage.

The Court will first consider Cameron's argument that the allegations in the underlying action do not "arise out of" Johnson's ownership, maintenance or use of the insured premises as required by the language within the insurance policies. Cameron maintains that the residential insurance policies only provide coverage for bodily injury or property damage arising out of Johnson's ownership, maintenance, or use of N. 16th Street or S. 21st Street properties. In support of this assertion, Cameron cites the premises liability provision contained within each of the policies, which includes the following language:

### PREMISES LIABILITY
### (Non-Owner Occupied Dwelling)

> For the premium charged, the premises shown below are included in the definition of "insured location."
>
> Coverage L – Personal Liability and Coverage M – Medical Payments to Others are restricted to apply only with respect to "bodily injury" and "property damage" arising out of the ownership, maintenance or use of the premises shown below [referring to the 110 N. 16th Street and 1108 S. 21st Street properties].

(ECF No. 27-19, p. 5; ECF No. 27-20, p. 5). Cameron argues that the allegations asserted by the Griffin Claimants in the Third Amended Complaint do not trigger the insuring language above because the alleged harm did not arise out of Johnson's ownership, maintenance or use of the properties. Thus, Cameron argues that the residential policies issued to Johnson do not provide coverage for the claims alleged in the underlying action.

In support of this contention, Cameron cites to this Court's memorandum opinion in *Nautilus Ins. Co. v. Alamo*, Case No. 11-cv-4054, 2015 WL 1470152 (W.D. Ark. Mar. 31, 2015).

In *Nautilus*, this Court considered whether Nautilus, an insurance provider, had a contractual duty to defend and indemnify several defendant-insureds in an underlying action related to Tony Alamo. The underlying action in that matter raised similar claims of negligence, negligent hiring, supervision and retention, false imprisonment, outrage and trafficking liability under 18 U.S.C. § 1595. *Id*. at *1.

Nautilus argued that it had no duty to defend or indemnify Jeannie Estates Apartments ("JEA"), a residential property organization, pursuant to multiple commercial general liability policies in the underlying action. *Id*. at *6. In determining whether the policies at issue created a duty to defend and indemnify JEA, the Court noted that "[s]everal of the Nautilus policies state that coverage is limited to liability arising out of the operations, or premises and operations spelled out in the declarations page of the policy." *Id*. at *6. The declarations page of the policy included the following language:

> This insurance applies only to 'bodily injury', 'property damage', 'personal and advertising injury' and medical expenses arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or 2. The project shown in the Schedule.

*Id*. at *7. The Court then compared the above provision to a similar policy limitation provision interpreted by the Arkansas Supreme Court in *Kolbek v. Truck Ins. Exch.*, 431 S.W.3d 900 (Ark. 2014).[4] The *Kolbek* court noted that the allegations in the underlying action "were not the type of claims covered by the insurance policy issued to [the defendants]" and that "the apartment-liability contract issued [by the insurer] simply does not exist to provide an insured coverage for this type of alleged harm." *Id*. at 908-10. The *Kolbek* court further reasoned that "the injuries and

---

[4] In *Kolbek*, the Arkansas Supreme Court considered a policy which provided that "the insurance applies only to 'bodily injury,' 'property damage,' 'personal injury,' 'advertising injury,' and medical expenses arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." 431 S.W.3d at 908.

6

damages in the Kolbek case truly all stem from the abuse suffered" by the Kolbek plaintiffs and that the apartment-liability contract at issue did not "provide an insured coverage for this type of alleged harm." *Id*. at 910. In accordance with the Arkansas Supreme Court's decision in *Kolbek*, the Court concluded that the Nautilus policies did not provide coverage for the claims in the underlying action because the allegations were not "connected with the ownership, operations, maintenance or use of the JEA properties listed in the policies and [were] not connected with the apartment rental operations of JEA in general." *Id*.

Cameron contends that its argument against indemnity and a defense to Johnson must prevail because it is predicated on policy language that is "virtually identical" to the language at issue in *Nautilus*. Thus, Cameron argues that the Court's holding in *Nautilus* should govern and the Court should similarly find that the harm alleged in the underlying action did not "arise out of" Johnson's ownership of the insured properties.

In response, the Griffin Claimants contend that the residential insurance policies at issue are not limited to Johnson's maintenance or use of the insured premises. The Griffin Claimants assert that the Third Amended Complaint in the underlying action alleges that the Griffin Claimants were injured due to the negligence of other defendants at the insured premises, as well as Johnson. In support of this contention, the Griffin Claimants point to the deposition testimony of several claimants who stated that they were beaten and forced to labor at the properties by individuals other than Johnson. The Griffin Claimants argue that the injuries, therefore, arose out of the ownership, maintenance or use of the properties as required by the residential insurance policies.

The Court finds the Griffin Claimants' arguments unpersuasive. The Griffin Claimants' argument that the insurance policies at issue do not limit coverage to Johnson's maintenance or

use of the insured premises fails because Johnson is listed as the sole insured under the insurance policies. (ECF No. 27, Exh. 19, p. 2). The Court further finds that the allegations set forth in the underlying action and the policy limitation at issue are similar to those found in *Nautilus* and *Kolbek*. Given the similarities between the allegations and the policy provisions at issue in those matters, the Court cannot conclude that the alleged actions in the underlying complaint arose out of Johnson's use, maintenance or ownership of the insured premises as required by the residential insurance policies in the case at bar. In accordance with those decisions, the Court finds that the Cameron issued policies do not provide coverage for the allegations set forth in the Third Amended Complaint.

Accordingly, summary judgment should be granted in Cameron's favor because the allegations set forth in the Third Amended Complaint do not arise out of Johnson's use, maintenance, or ownership of the Cameron insured premises. As a result, Cameron has no obligation to defend or indemnify Johnson in the underlying action. In light of the Court's ruling, the Court finds it unnecessary to address Cameron's alternative arguments, including those concerning the various policy exclusions.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Cameron's Motion for Summary Judgment (ECF No. 27) should be and hereby is **GRANTED**. A judgment of even date and consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 18th day of January, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge